UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ARGELIO GONZALES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:06-CV-514-TS |
| | ) |
| SUPERINTENDENT, | ) |
| INDIANA STATE PRISON, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Argelio Gonzales, a *pro se* prisoner, filed this habeas corpus petition challenging his conviction and thirty-year sentence for possessing and dealing cocaine by the Cass Superior Court in 09C01-9712-CF-53. The respondent has responded to the order to show cause and submitted the state court record. Gonzales filed a traverse and a reply brief. Therefore, this case is now ripe for ruling.

Gonzales raises four claims in his petition. In response to the first three claims, the respondent argues that Gonzales did not exhaust these claims by presenting them to the Indiana Supreme Court. Though these issues were raised to the Court of Appeals of Indiana on direct appeal, Gonzales did not seek transfer to the Indiana Supreme Court.

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid.*

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted). In response, Gonzales admits that he did not seek transfer to the Indiana Supreme Court and that he has not exhausted his first three claims. He argues that this is further evidence of the ineffective assistance provided by his counsel who represented him at trial and during his direct appeal. This is the first time that Gonzales has raised this argument as a basis for his ineffective assistance of counsel claim. He did not include it in his habeas corpus petition and, even more critically, he did not present it to the Indiana Supreme Court in a petition seeking transfer. Because he did not exhaust this new ineffective assistance of counsel claim, it is also barred in this proceeding. Gonzalez failed to seek transfer to the Indiana Supreme Court for his first three grounds. This means he did not exhaust them. Consequently, none of these claims present a basis for habeas relief.

Turning now to the remaining claim, Gonzales argues that his trial and direct appeal counsel, Jay Hirschauer, was ineffective for several reasons. Though the habeas corpus petition attempts to present multiple reasons for counsel's ineffectiveness, only one reason was presented to the Indiana Supreme Court in the petition to transfer from the Indiana Court of Appeals affirmation of the denial of his post-conviction relief petition.

> Argelio Gonzales' attorney, Jay Hirschauer, tried to help the State prosecute Mr. Gonzales by negotiating a plea agreement for Mr. Gonzales' co-defendant which called for the co-defendant to testify against Mr. Gonzales. The Court of Appeals erred in finding that this did not create a conflict of interest.

(Pet. to Transfer at 2; DE 17-9.) That is the one issue that has been exhausted. Because the other reasons why counsel may have been ineffective were not exhausted, they cannot be a basis for habeas corpus relief.

2

In affirming the denial of his post-conviction relief petition, the Court of Appeals of Indiana explained:

> Gonzales argues that he received the ineffective assistance of trial counsel. Specifically, he alleges that Attorney Hirschauer had a conflict of interest by representing Gonzales while representing Perez, Garcia, and Campbell and negotiating a plea agreement for Lapcheska that called for her to testify against Gonzales.
> . . . .
> When evaluating a claim of ineffective assistance of counsel, we apply the two-part test articulated in *Strickland v. Washington*, 466 U.S. 688 (1984). *Pinkins v. State*, 799 N.E.2d 1079, 1093 (Ind. Ct. App. 2003). First, the defendant must show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687. This requires a showing that counsel's representation fell below an objective standard of reasonableness, *id.* at 688, and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed to the defendant by the Sixth and Fourteenth Amendments. *See id.* at 687. Second, the defendant must show that the deficient performance resulted in prejudice. *Id.* To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Failure to satisfy either prong will cause the claim to fail. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002). Indeed, most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. *Id.*
> Included within the Sixth Amendment is the right to representation by an attorney who does not owe conflicting duties to other defendants. *Williams v. State*, 529 N.E. 2d 1313, 1315 (Ind. Ct. App. 1988). In order to establish a violation of the Sixth Amendment due to a conflict, a defendant who failed to raise an objection at trial must demonstrate: (1) that trial counsel had an actual conflict of interest; and (2) that the conflict adversely affected counsel's performance. *Id.* (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348-49 (1980)). If these two prongs are met, prejudice is assumed. *Id.* . . .
> . . . .
> In addressing Gonzales's *Cuyler* issue, we note that Gonzales raises an argument of an actual conflict only as to Attorney Hirschauer's representation of Lapcheska. Thus, no presumption of prejudice exists as to Garcia, Perez, and Campbell. As to Lapcheska, Gonzales asserts that an actual conflict existed because her plea agreement required her to testify against Gonzales. But our review of the record demonstrates that the requirement to testify was not written into either plea agreement that Attorney Hirschauer negotiated for Lapcheska, state's ex. 1 & 2, nor did Lapcheska ever give a clean-up statement. Tr. P. 37.
> And although there was conflicting evidence regarding whether Attorney Hirschauer told Gonzales and Lapcheska of his simultaneous representation, there

> was evidence that he talked to his clients about the situation, that he carried letters between his clients, and that his representation of Lapcheska was mentioned at Gonzales's trial. Tr. p. 19, 22; R. p. 555. The trial court was in the best position to assess the credibility of the witnesses and was entitled to reject testimony that Attorney Hirschauer did not tell Gonzales and Lapcheska of his simultaneous representation. *See Norton v. State*, 785 N.E.2d 625, 632 (Ind. Ct. App. 2003) (noting that trial courts have discretion concerning evidentiary matters, serve a gatekeeping role, and have a unique ability to judge the credibility of the witnesses).
>
> In sum, Gonzales has not demonstrated an actual conflict of interest, so we will not presume prejudice. Apart from his *Cuyler* argument, Gonzales makes no argument in his brief that he was prejudiced by his attorney's representations of Lapcheska, Garcia, Perez, and Campbell. Even if he had made the argument with regard to Garcia and Campbell, he cannot show prejudice, inasmuch as their arrests and charges were unrelated to the charges against Gonzales. Thus, he has failed to satisfy the prejudice prong of *Strickland*, and his claim of error fails on that basis.

(*Gonzales v. State of Indiana*, No. 09A02-0509-PC-858 (Ind. Ct. App. March 15, 2006); DE 17-7 at 3-7).

In response, Gonzales argues that ruling is incorrect because he did not know about the dual representation and because Gonzales' attorney did not pass letters between Gonzales and his codefendant. In order to prevail on these claims, Gonzales must demonstrate that the State Court rulings "were based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).[1] The Court of Appeals of Indiana acknowledged this dispute in its opinion, but found that there was evidence in the record for these findings.

The Court of Appeals of Indiana cites to three locations in the record to demonstrate that there was evidence that Gonzales knew both of the dual representation and that his attorney passed letters between Gonzalez and his codefendant. First, Hirschauer, attorney for Gonzales,

---

[1] Gonzales' response presents no claim based upon 28 U.S.C. § 2254(d)(1), that is, that the Indiana courts reached "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

4

testified at the post-conviction relief hearing. While being questioned about discussing his dual representation with Gonzales, Hirschauer said, "It's different for Miss Lapcheska. I do remember that conversation." (PCR Transcript at 19, lines 20-21; DE 27 Manual Filing.) Second, Hirschauer explained further that, "I think I did talk to both of them at one time or another. They were aware that I was representing both of them. They were asking me to pass letters back and forth, each to the other." (PCR Transcript at 22, lines 10-13; DE 27 Manual Filing.) Third, the state court cites to the redirect examination of Sgt. Robert Burgess during the trial (in front of the jury and the defendant): "Right. I guess I don't, my oversight, I'd forgotten that his taped statements would have been given to Mr. Hirschauer in Laura's case." (Trial Record at 555, lines 18-20; DE 27 Manual Filing) (the reference to Laura means the codefendant in Gonzales' trial, Laura Lapcheska).

Standing alone, the second citation to the record is sufficient on its own to demonstrate that the Indiana appeals court did not make an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Because Gonzales has not demonstrated that the State Court was unreasonable in its determination of his claim that his attorney was ineffective because of a conflict of interest, this ground presents no basis for habeas corpus relief.

For the foregoing reasons, the habeas corpus petition [DE 1] is **DENIED**.

SO ORDERED on February 22, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION